# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL E. MAAS,

       Petitioner,

v.

RONALD RACKLEY, Warden,

       Respondent.

Case No.: 3:17-cv-1547-BAS(JMA)

**ORDER:**

**(1) CONSTRUING ACTION AS A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**

**(2) GRANTING IN FORMA PAUPERIS APPLICATION (ECF. No. 2)**

**AND**

**(3) DISMISSING CASE WITHOUT PREJUDICE**

   Petitioner Michael E. Maas, a state prisoner, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), along with a request to proceed in forma pauperis (ECF No. 2). Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, he is a state prisoner attacking the validity of a state court conviction and sentence imposed by the State of California. Therefore, Petitioner may not proceed

under section 2241, but may only proceed with a habeas action in federal court under 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that section 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state court judgment"). The Court, therefore, **CONTRUES** this action as one brought pursuant to 28 U.S.C. § 2254.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Along with his request to proceed in forma pauperis, Petitioner has submitted a copy of his prison trust account statement which reflects that he has no funds on account at the facility in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis (ECF No. 2). The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## II. FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

The Petition must be dismissed, however, because Petitioner has failed to allege exhaustion of state judicial remedies. Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in *state* court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995), reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims *under the United States Constitution*." *Id.* at 365-66 (emphasis added). For example, "[i]f

a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the *due process of law guaranteed by the Fourteenth Amendment*, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court, he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed *state* habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## III. CONCLUSION

Accordingly, the Court **CONSTRUES** the instant action as a habeas petition brought pursuant to 28 U.S.C. § 2254. The Court **GRANTS** Petitioner's request to proceed in forma pauperis (ECF No. 2), and **DISMISSES** the case without prejudice. To have this case reopened, Petitioner must file an amended petition which cures the pleading deficiency discussed above **no later than November 3, 2017**. For Petitioner's convenience, a blank 28 U.S.C. § 2254 form petition is attached to this Order.

**IT IS SO ORDERED.**

**DATED: September 5, 2017**

**Hon. Cynthia Bashant**
**United States District Judge**