UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. MAAS,<br><br>         Petitioner,<br><br>v.<br><br>RONALD RACKLEY, Warden,<br><br>         Respondents. | Case No.: 17cv1547 BAS (JMA)<br><br>**REPORT AND RECOMMENDATION RE: GRANTING MOTION TO DISMISS** |

## I. <u>INTRODUCTION</u>

Petitioner Michael E. Maas, a state prisoner proceeding pro se with a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."), challenges his 1998 convictions in San Diego Superior Court case nos. SCE185960 and SCE188460 for grand theft, unlawful taking of a vehicle, burglary and forgery. (Am. Pet., ECF No. 4 at 2.) The Court has read and considered the Petition, [ECF No. 4], the Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion to Dismiss [ECF No. 8], the lodgments and other documents filed in this case, and the legal arguments presented by both parties. For the reasons discussed below, the Court recommends Respondent's motion to dismiss be **GRANTED** and the case be **DISMISSED** with prejudice.

/ / /

## II. FACTUAL AND PROCEDURAL BACKGROUND

Maas was convicted of grand theft automobile, a violation of California Penal Code § 487(d) and unlawful taking of a vehicle, a violation of California Penal Code §10851(a) in case no. SCE 185960 on April 6, 1998. (Lodgment No. 2, ECF No. 9-2 at 1.) At sentencing, the defense argued one of Maas's priors, his conviction in CR-78830, was not a qualifying strike. (*Id.*) The trial court disagreed, and found Maas had suffered two prior "strike" convictions; he was sentenced to twenty-five years to life in prison. (*Id.*) Maas appealed his conviction and sentence. (*Id.* at 2.)

While that appeal was pending, Maas was convicted in case no. SCE 188460 of burglary, a violation of California Penal Code § 459, and forgery, a violation of California Penal Code § 470(a). (*Id.* at 2.) Maas again claimed his prior conviction in CR-78830 was not a qualifying strike prior conviction. (*Id.*) The trial court disagreed, and Maas was again sentenced to a term of twenty-five years-to-life in prison, consecutive to his sentence in case no. SCE 185960. (*Id.*) Maas appealed his conviction and sentence. (*Id.*)

On August 17, 2000, the state appellate court affirmed Maas's conviction and sentence in case no. SCE 188460. (*Id.*) On April 16, 2001, the state appellate court affirmed Maas's conviction and sentence in case no. SCE 185960. (*Id.*)

On November 6, 2012, California voters passed Proposition 36 which provided a mechanism for resentencing certain three strikes offenders. Cal. Penal Code § 1170.126 (West 2012). Maas filed a petition for recall of his sentence pursuant to California Penal § 1170.126 in both SCE 185960 and SCE 188460. (*Id.*) The court denied the petition, concluding Maas was ineligible for resentencing due to the nature of one of his prior strike convictions. (*Id.*)

On July 17, 2013, Maas filed a petition for writ of habeas corpus in the San Diego Superior Court in case no. EHC 942 which challenged his convictions and sentences in case nos. SCE 185960 and SCE 188460. (Lodgment No. 1, ECF No. 9-1.) Maas claimed his trial counsel was ineffective when he failed to properly challenge Maas's strike priors

and contended the prior convictions on which his sentences in SCE 185960 and SCE 188460 were based, CR-78830 and CR-81685, were invalid. The superior court denied the petition as untimely. (Lodgment No. 2, ECF No. 9-2.)

Maas filed a petition for writ of habeas corpus in the California Court of Appeal which raised the same issues as the petition for writ of habeas corpus he had filed in the superior court. (Lodgment No. 3, ECF No. 9-3 at 3.) He also contended he should have been able to challenge the judge assigned to his habeas corpus petition under California Civil Code § 170.6(a)(1). (*Id.*) The state appellate court issued a writ of mandate directing the superior court to vacate its order denying Maas's habeas corpus petition and reassign the case to a new judge on December 10, 2014. (*Id.* at 6.) The California Supreme Court affirmed the Court of Appeal's decision on November 7, 2016. (Lodgment No. 4, ECF No. 9-4.)

On December 30, 2016, Maas filed a new habeas corpus petition in the San Diego Superior Court in case no. EHC. (Lodgment No. 5, ECF No. 9-5.) The court consolidated case nos. EHC 942 and EHC 1114, vacated the superior court's prior denial of EHC 942 pursuant to the California Supreme Court's November 7, 2016 Order, and denied the petitions on January 16, 2017. (Lodgment No. 6, ECF No. 9-6.)

Maas then filed a Motion to Vacate Improper Sentence in the California Court of Appeal on January 30, 2017. (Lodgment No. 7, ECF No. 9-7.) He again attacked the validity of the prior convictions upon which his three-strikes sentence was based. He claimed the prior convictions were not strikes and the state had breached its plea agreements in those cases by using them as strikes to enhance his sentence in case nos. SCE 185960 and SCE 188460. (Lodgment No. 8, ECF No. 9-8 at 2.) The appellate court denied the petition on February 3, 2017 on procedural grounds. (*Id.*)

On March 21, 2017, Maas filed a petition for writ of habeas corpus in the California Supreme Court raising the same claims regarding his prior convictions and three-strikes sentences. (Lodgment No. 9, ECF No. 9-9.) The California Supreme Court denied the petition on May 24, 2017, citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998,

*People v. Duvall*, 9 Cal. 4th 464, 474 (1995), and *In re Swain*, 34 Cal. 2d 300, 304 (1949). (Lodgment No. 10, ECF No, 9-10.)

On July 31, 2017, Maas filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, and a First Amended Petition on October 5, 2017. (ECF Nos. 1, 4.) Respondent filed a Motion to Dismiss on November 28, 2017. (ECF No. 8.) Maas did not file an Opposition.

### III. **DISCUSSION**

Maas's amended petition contains four claims attacking his convictions and sentences in case nos. SCE 185960 and SCE 188460. (Pet., ECF No. 4.) Respondent contends the petition is successive and untimely. (Mot. to Dismiss, ECF No. 8-1.)

#### A. The Petition is Successive

In claim one, Maas contends his trial and appellate counsel in case nos. SCE 185960 and SCE 188460 were ineffective when they failed to properly investigate and challenge the validity of the prior convictions used to enhance his sentences in those cases. (Pet., ECF No. 4 at 8.) In claims three and four, he contends trial and appellate counsel in case nos. SCE 185960 and SCE 188460 did not investigate whether the plea agreement in CR-78830 was violated and how any violation would affect his sentence in case nos. SCE 185960 and SCE 188460. (*Id.* at 15.)

A district court is required to dismiss any claim that does not satisfy the provisions of 28 U.S.C. § 2244(b). 28 U.S.C. § 2244(b)(4) (West 2006). Section 2244(b) states as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral

4

17cv1547 BAS (JMA)

review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

On March 1, 2002, Maas filed a petition for writ of habeas corpus in this Court in case no. 02cv0406 JM (BEN) challenging his conviction in SCE 185960. (*See Maas v. Giurbino*, 02cv0406 JM (BEN) (So. Dist. Cal. 2002).) On November 12, 2002, this Court denied the petition on the merits. (*See* Order filed Nov. 12, 2002 in case No. 02cv0460 JM (BEN), ECF No. 20.) Petitioner did not appeal that determination. On April 5, 2002, Maas filed a petition for writ of habeas corpus in this Court in case no. 02cv0682 W (JFS) challenging his conviction in SCE 188460. (*See Maas v. Giurbino*, 02cv0682 W (JFS) (So. Dist. Cal. 2002).) On April 16, 2003, the Court denied the petition on the merits. (*See* Order filed April 16, 2003 in case No. 02cv0682 W (JFS), ECF No. 22.) Petitioner did not appeal that determination.

To the extent Petitioner is now seeking to challenge the same convictions he challenged in his prior federal habeas corpus petitions, this Court cannot consider the petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

///

**B. Claims Regarding CR-78830 and CR-81685 Are Barred By *Lackawanna County District Attorney v. Coss***

In claim one, Maas argues the plea agreement he entered into in case no. CR-78830 was violated by the state when it used that conviction to enhance his sentences in case nos. SCE 185960 and SCE 188460. (Pet., ECF No. 4 at 7-9.) In claim two, he contends trial counsel in case no. CR-81685 was ineffective because he did not investigate whether Maas's rights under the Interstate Agreement on Detainers were violated. (*Id.* at 11-12.) In claim three, Maas alleges the state breached its plea agreement in case no. CR-78830 when it used that conviction to enhance his sentence in case nos. SCE 185960 and SCE 188460. (*Id.* at 14-17.) And, in claim four, Maas alleges the state violated his plea agreement in CR-81685 when it returned him to state custody instead of permitting him to serve his time in federal custody. (*Id.* at 18-22.)

To the extent Maas seeks to challenge his convictions in case nos. CR-78830 and CR-81685, the challenges are precluded by *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). In *Lackawanna*, the Supreme Court stated:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *See Daniels*, *post*, at 382, 121 S.Ct. 1578. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04.

The convictions in case nos. CR-78830 and CR-81685 are no longer open to collateral attack because Maas is no longer in custody pursuant to those convictions. The *Lackawanna* Court identified two exceptions to the rule: (1) if the petitioner challenges the enhanced sentence by claiming that a state conviction used to enhance the sentence is invalid because counsel was not appointed, in violation of the Sixth Amendment, and (2) if federal habeas review is "effectively the first and only forum available for review of

the prior conviction. *Id.* at 404-06. Neither exception applies in Maas's case. Maas was represented by counsel in both CR-78830 and CR-81685. (*See* Lodgment No. 5, ECF No. 9-1 at 34, 45-46, 48, 58-64.) And, Maas could have challenged the validity of his guilty pleas in CR-78830 and CR81685 in state court. Thus, under *Lackawanna*, Maas is not entitled to relief as to his claims regarding CR-78830 and CR-81685.

**C. The Petition is Untimely**

Under 28 U.S.C. § 2244(d), a petitioner has one year from the date his or her convictions is final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute of limitations, however, is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998).

1. *Commencement of the One-Year Statute of Limitations*

The United States Supreme Court denied Mass's petition for writ of certiorari in San Diego Superior Court case no. SCE 185960 on October 1, 2001. *See Maas v. California*, 534 U.S. 876 (2001). His conviction in SCE 185960 became final on that date and the statute of limitations began running the next day. Absent tolling, his federal habeas corpus petition was due October 1, 2002.

The California Supreme Court denied a petition for review on direct appeal in case no. SCE 188460 on March 21, 2001. His conviction in SCE 188460 thus became final ninety days later on June 19, 2001. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Absent tolling, his federal habeas corpus petition was due on June 19, 2002.

2. *Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-convictions or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Maas did not constructively file his first state habeas corpus petition

challenging his convictions in the San Diego Superior Court until July 7, 2013 in case no. ECH 942, well after the statute of limitations had expired for both cases. (Lodgment No. 2, ECF No. 9-2.)

3. *Equitable tolling*

The statute of limitations under AEDPA "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007), quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Maas has not presented any evidence he is entitled to equitable tolling and the Court has not located any evidence in the record which would support an assertion of equitable tolling. Accordingly, Maas is not entitled to any equitable tolling.

4. *The Petition is Untimely*

Arellano's federal habeas corpus petition challenging his conviction in SCE 185960 was due October 1, 2002. His federal habeas corpus petition in SCE 188460 was due on June 19, 2002. He did not file the petition in this case until July 11, 2017. The petition is therefore untimely.

V. **CONCLUSION**

The Court submits this Report and Recommendation to United States District Judge Cynthia A. Bashant under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

**IT IS HEREBY RECOMMENDED** that the Court issue an order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus.

**IT IS ORDERED** that no later than <u>July 6, 2018</u> any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than <u>July 20, 2018</u>. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: June 19, 2018

Jan M. Adler
UNITED STATES MAGISTRATE JUDGE